UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| GREGORY A. PHARR<br>    DOC #451029 | CIVIL ACTION NO. 2:10-cv-1817 |
| | SECTION P |
| VERSUS | |
| | JUDGE MINALDI |
| CLAYTON DAVIS, ET AL | MAGISTRATE KAY |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed *in forma pauperis* by plaintiff Gregory A. Pharr on November 24, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is housed in the Calcasieu Correction Center (CCC), Lake Charles, Louisiana. Plaintiff alleges he has been illegally held in custody for over nineteen months awaiting trial. He names as defendants herein Louisiana Fourteenth Judicial District Court Judges Clayton Davis and "B. Wyatt," the State of Louisiana, Calcasieu Parish Assistant District Attorney Reggie Green, and Calcasieu Parish Probation and Parole Department.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### *Statement of the Case*

Based on the insufficient information contained in plaintiff's original petition, this court issued a memorandum order [doc.11] directing plaintiff to amend his complaint to cure several deficiencies. In the memorandum order plaintiff was advised that he needed to state the status of

the charges pending against him at the time he filed this matter such as whether he had been tried on the charges or whether he entered a guilty plea on the charges; the outcome of any such trial or guilty plea; and the sentence imposed. Plaintiff was advised that if he had been convicted and sentenced, his claims might be barred by the United States Supreme Court's analysis in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).

Plaintiff was also advised that his claims seeking dismissal and expungement of criminal charges must be brought through a habeas proceeding rather than through a civil rights suit.

Finally, plaintiff was informed that defendants Reggie, Davis, Wyatt, the State of Louisiana, and the Calcasieu Parish Probation and Parole Department were immune from suit.

Plaintiff filed a response to the memorandum order on September 23, 2011. Doc. 12. He also filed attachments to the response, including an incident report and a copy of a petition for writ of habeas corpus that he filed in state court. These additional documents provided the court with some, but by no means all, of the requested information.

The documentation shows that on December 23, 2009, plaintiff was arrested by the Sulphur Police Department for Aggravated Battery. Plaintiff states that he bonded out on said charge. At the time of his arrest, plaintiff was apparently on parole on another charge as the Bill of Particulars [doc. 1, p. 5] states that he failed to file a report with his parole officer in October and December of 2009. Thereafter, on March 3, 2010, plaintiff turned himself in to his parole officer as there was a warrant for his arrest based on the December 23, 2009, arrest and parole violation. Plaintiff pled "not guilty" during his arraignment on March 22, 2010. Trial dates of September 7, 2010, October 12, 2010, and November 30, 2010 were canceled or postponed.

Plaintiff appeared in court on April 25, 2011, and refused a plea bargain. He was given an October 24, 2011, trial date. Doc. 10, p. 1. The court does not know whether the trial on this matter proceeded on that date.

As a result of the above, plaintiff claims a violation of his due process rights as he has been unlawfully imprisoned pending trial on the referenced charges. As relief, he seeks compensatory and punitive damages for every day that he has spent incarcerated. He also seeks to have the charges pending against him dismissed as well as expunged from his record.

## Law and Analysis

### Screening

Plaintiff has been allowed to proceed *in forma pauperis*. Federal Courts are required to screen complaints filed *in forma pauperis* and are authorized to dismiss such complaints without service of process, or at any time, when the Court determines that the complaint is frivolous, fails to state a claim for which relief may be granted, or seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, at 327-28.

### *Immunity*

a. **Judges Clayton Davis and "B. Wyatt"**

Plaintiff names Judges Clayton Davis and "B. Wyatt" as defendants herein; however, his claims against these defendants are barred by immunity.

Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).  The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: (1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge. *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir. 1986).  These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

Even liberally construing plaintiff's complaint none of his allegations demonstrate that either of the judge's alleged actions occurred outside of their chambers or the court or that the actions did not arise out of the performance of their judicial duties.  Thus, according to *Eitel*, the judges' actions were within their jurisdiction and they enjoy absolute immunity from plaintiff's claims.

Plaintiff's claim for damages against Judges Wyatt and Davis must be dismissed pursuant to the provisions of 28 U.S.C. §§1915(e)(2)(B)(iii) and 1915A(b)(2).

### b.  *Prosecutor Reggie Green*

Likewise, plaintiff's claims against ADA Reggie Green likewise must be dismissed as individuals acting in their prosecutorial capacity likewise enjoy an absolute immunity from suit.

"Absolute immunity applies to activities, not offices."  *Bryan v. City of Madison, Mississippi*, 213 F.3d 267, 271 (5th Cir. 2000). Prosecutors enjoy absolute immunity for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976).  The prosecutor is immune from civil suit "in initiating a prosecution and in presenting the State's case." *Id.*  "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done

maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir. 1999) (internal quotation and citation omitted).

Plaintiff's claims against the ADA herein clearly revolve around the prosecution of the claims against plaintiff, which conduct is precisely the type of action protected by the absolute immunity umbrella afforded prosecutors. *See Imbler*, 424 U.S at 431. Thus, plaintiff's claim for damages against this defendant must be dismissed.

   *c.  State of Louisiana*

Plaintiff also names the State of Louisiana as a defendant in this action. The Eleventh Amendment to the United States Constitution, however, bars action against a State.

The Eleventh Amendment mandates that States are immune from suit for damages in federal court by citizens of the State, as well as citizens of other states, unless the State consents to suit. *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Congress has not annulled the States Eleventh Amendment Immunity in § 1983 actions. *Quern v. Jordan*, 440 U.S. 445, 456, 96 S.Ct. 1139, 39 L.Ed.2d 358 (1979).

The only way by which plaintiff may seek monetary damages against the State in this court under that statute is if the State, by the most express language or by overwhelming implication, consents to being sued in federal court. *See Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); *Edelman*, 415 U.S. at 673; *Brennan v. Stewart*, 834 F.2d 1284, 1251-53 (5th Cir. 1988). Louisiana has expressly refused to waive its Eleventh Amendment Immunity. *See* LA. REV. STAT. ANN. § 13:5106; *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991).

The State of Louisiana is not amenable to suit in this court and should be dismissed from this action.

### d. Calcasieu Department of Probation and Parole

The shield of immunity that extends to the State of Louisiana also extends to the Department of Parole and Probation as an agency of the State. *Anderson v.. Phelps*, 655 F. Supp. 560 (M.D. La. 1985). *Cf. McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158 (5th Cir. 1995) ("[t]he Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity"). As such, this defendant is likewise entitled to dismissal from this action.

As shown above all of plaintiff's named defendants are immune from suit. Plaintiff was given an opportunity to cure this defect but he did not. Without a proper party, plaintiff cannot maintain this suit. Dismissal of plaintiff's claims is warranted on that basis alone. However, even if plaintiff had named a proper defendant, his complaint would still not be viable.

### *Unlawful Incarceration and Heck v. Humphrey*

Plaintiff contends that he has been unlawfully imprisoned for some nineteen months prior to trial based on "uncertain allegations of failure to refrain from criminal activity which is a stipulation of parole. And the 14th Judicial Court of Calcasieu Parish is in violation of his right to due process." Doc. 10, p. 1. Plaintiff is seeking monetary compensation in regard to his claims.

The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." *Heck*, 512 U.S. at 486-87. *Heck,* which involved a civil rights claim brought by a state prisoner, is also applicable to claims for

injunctive relief that imply the invalidity of the conviction. *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002).

When a claim comes within the parameters of *Heck*, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). As plaintiff is seeking monetary compensation for civil rights violations under Section 1983, he must prove that his conviction or sentence has been invalidated.

Despite being given the opportunity to amend his complaint to do so, plaintiff has failed in this regard. Simply put, plaintiff is not entitled to seek damages for the alleged wrongful detention until such time as the conviction in question has been declared invalid. Plaintiff has not produced any documentation evidencing this, and as such, his claims in this regard should be dismissed.

### *Habeas Claim*

In his original complaint, plaintiff sought to have the pending charges dismissed and his record expunged. Plaintiff was advised through the court's memorandum order [doc. 11] that when a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief he must pursue his claim through an application for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).

It appears that plaintiff has sought habeas relief with the state court as he provided the court with a copy of a petition for writ of habeas corpus that he filed in the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana.

*Conclusion*

For reasons set forth above,

IT IS RECOMMENDED THAT plaintiff's complaint should be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted and for seeking monetary relief against defendants who are immune from suit.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 5th day of January, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

-9-